## CLANTON v. HANCOCK et al.

No. 21188. Opinion Filed Nov. 22, 1932.

Rehearing Denied Dec. 27, 1932.

Glenn O. Young, for plaintiff in error.

W. H. Odell and Dan Odell, for defendant in error W. E. Day.

CULLISON, J. Arey Clanton, plaintiff, instituted suit against B. H. Hancock and W. E. Day, defendants, seeking to set aside certain deeds of conveyance covering certain real property in Okmulgee county and to recover rentals collected by said defendants from said property.

Defendant Hancock answered by denial and specially pleaded certain defensive matters.

Defendant Day answered by denial and pleaded certain new and defensive matters in his answer.

Plaintiff filed a reply to the answer of defendant Hancock, but the record discloses no reply filed to the answer of defendant Day.

At the trial of said cause, judgment was rendered favorable to plaintiff canceling certain deeds as sought in plaintiff's petition, and the trial court thereupon entered an order setting down said cause for further hearing upon the matter of an accounting for the rents and profits from said property.

Both defendants excepted to the judgment setting aside their deeds and filed motions for new trials, but plaintiff did not except to that part of the judgment wherein the trial court retained jurisdiction to hear the matter relative to an accounting in said cause.

Thereafter said cause was heard on the matter of an accounting and the court rendered judgment favorable to defendant W. E. Day, and against plaintiff, in the sum of $1,259.86, and from said judgment upon the accounting plaintiff appeals, and urges as grounds for reversal of said judgment that the same is without the issues in said cause and null and void.

In our determination of said cause it will be necessary to examine the pleadings and determine whether or not sufficient facts are pleaded in the petition and answer to give the court jurisdiction to render an accounting between the parties in said cause.

Plaintiff alleged in her petition that defendants have unlawfully and illegally assumed possession of the property and they have illegally and unlawfully collected rents, royalties, and profits in the sum of $35 per month therefrom from and after the 29th day of November, 1926.

Defendant Day answered that he was in lawful possession of the property; that he was the lawful owner of the premises and legally entitled to all the rents and profits therefrom.

The question is, Did the state of the pleadings just outlined give the court jurisdiction to render an accounting between the two parties?

The pleadings show that plaintiff sought to recover for all rents and profits defendants had collected from said premises. The defendant contended that said rents and profits belonged to defendant and did not belong to plaintiff.

While the pleadings are not as full and

extensive as good practice would dictate, yet we believe the issues sufficiently stated to give the court jurisdiction to hear said matter on the accounting, when we take into consideration the further fact that plaintiff took no exception to the order of the trial court when said court made an order retaining jurisdiction of the matters for the accounting.

The record further shows that the deed from plaintiff to defendant Hancock was set aside because of the method used to procure the same, but the record further shows that the defendant Day took title without any notice of said defects.

There was a mortgage on the property and Day continued to make the monthly payments on said mortgage and made one additional payment of $100 on the principal thereof. That he paid the taxes, made certain repairs on the premises, and collected rents on the premises. That after all moneys collected from said premises by Day were deducted from the payments made thereon by him, he had paid out in excess of receipts the amount of the judgment given him against plaintiff.

After carefully considering said cause, we arrive at the conclusion that the trial court did not commit reversible error in hearing said matter on the accounting.

The judgment rendered by the trial court provided that plaintiff pay the amount of said judgment to defendant Day within six months of the date hereof, and upon failure to pay said amount defendant be entitled to an order of sale against the premises.

The judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.